## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOKARI MILLER,**
**CAMERON HILER,**
**XAVIER SMITH,**
**SAMUEL GARCIA,**
**REDALE BANKS,**
**ISRAEL CARO,**
**GEOVANIE ORTIZ,**
**ANTOINE YOUNGER,**
**DONELL SMITH,**
**KEITH BASKERVILLE,**
**TYWAN STRINGER,**
**JASON DANIELS,**
**RAHEEN CLAY,**
**BYRON JOHNSON,**
**TORRENCE JOHNSON,**
**R. MITCHELL, and**
**FRANCO MORRONE,**

          **Plaintiffs,**

**v.**

**LU WALKER, and**
**K. SMOOT,**

          **Defendants.**

**Case No. 20-cv-00448-SPM**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Jakari Miller, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), commenced this action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations that have occurred at Shawnee. On August 13, 2020, the Court granted Plaintiff Miller's motion to amend the complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (Doc. 12). The Amended Complaint added the following individuals as Plaintiffs:  Cameron Hiler, Xavier Smith, Samuel Garcia, Redale Banks, Israel Caro, Geovanie Ortiz, Antoine Younger, Donell Smith, Keith Baskerville,

Tywan Stringer, Jason Daniels, Raheen Clay, Byron Johnson, Torrence Johnson, R. Mitchell, and Franco Morrone. (Doc. 13). Plaintiff Miller then filed a second motion requesting the Court to recruit counsel and informing that Court that additional individuals, who are also inmates incarcerated at Shawnee, have "signed-on" to this lawsuit. (Doc. 15).

On August 31, 2020, the Court issued an order advising Plaintiffs of the consequences of bringing claims jointly in a single lawsuit, including their filing fee obligations, and giving each Plaintiff an opportunity to withdraw from the case or sever his claims into an individual action by September 28, 2020. (Doc. 22). Plaintiff Miller, as the lead plaintiff, was not afforded this opportunity. This matter is now before the Court for case management purposes. The deadline for Plaintiffs to notify the Court regarding whether they wish to participate in this action has passed and pending are several motions filed by Plaintiff Miller.

### DISMISSAL OF PLAINTIFFS

The deadline for Plaintiffs to notify the Court whether they wish to continue in this case has passed and only one plaintiff, Franco Morrone, has notified the Court that he does not wish to proceed as a plaintiff in this case. (Doc. 24). Additionally, the mail sent to Xavier Smith, Israel Caro, Antoine Younger, Keith Baskerville, Jason Daniels, Raheen Clay, and Torrence Johnson was returned to the Court as undeliverable. On September 27, 2020, Plaintiff Miller filed a motion asking the Court to strike the Amended Complaint naming the additional plaintiffs from the record. (Doc. 27). He states that he is the only plaintiff proceeding in this matter, and the other inmates mistakenly thought they were joining a class action and were not aware they would each be assessed a filing fee.

Given the information provided by Plaintiff Miller, and as Plaintiffs Hiler, Smith, Garcia, Banks, Caro, Ortiz, Younger, Smith, Baskerville, Stringer, Daniels, Clay, Johnson, Johnson, and Mitchell have not submitted a signed copy of the Amended Complaint by the deadline, they are

dismissed from this lawsuit. Likewise, as Franco Marrone has notified the Court that he does not wish to participate in this action, he too shall be dismissed. The Plaintiffs will not incur a filing fee for this action. (*See* Doc. 22, p. 6).

**MOTION TO STRIKE AND APPOINT COUNSEL**

The Motion to Strike the Previous Amended Claim from the Record and for Appointment of Counsel (Doc. 27) filed by Plaintiff Miller will be denied in part and granted in part. Because Plaintiff Miller has indicated that the Amended Complaint was filed in error and the additional Plaintiffs will be dismissed from this action, the Court will strike the Amended Complaint and conduct a threshold review pursuant to 28 U.S.C. § 195A of the Complaint (Doc. 1) filed on May 14, 2020. *See* FED. R. CIV. P. 12(f) (a court on its own or on motion may strike a pleading that is immaterial).

The requests for court recruited counsel, however, are denied. (Docs. 3, 27). When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff Miller claims that he has been precluded from attempting to obtain counsel himself because (1) prison officials are only allowing him to make one phone call per week for ten minutes; (2) he has been limited on commissary purchases, so that he is unable to purchase pens, paper, stamps, envelopes, and additional telephone and email credits; (3) his mail is delayed; and (4) he has been prohibited from attending the law library. (Doc. 3, p. 1; Doc. 27, p. 4). Because Miller has been restricted in his ability to communicate with those outside of Shawnee by both mail and telephone calls, it appears that he has been effectively precluded from attempting to obtain counsel, but the Court still finds that Millar is capable of proceeding *pro se* at this time. His main

impediment to self-representation is that he is not a lawyer and is not trained in the law. Miller's limited knowledge of the law is not unique to him as a *pro se* litigant and does not necessarily warrant recruitment of counsel. He is a college graduate and has demonstrated an ability to construct coherent sentences and communicate with the Court. Although he claims that his mail has been delayed and writing supplies are limited, he has successfully filed a Complaint, Amended Complaint, Supplemental Complaint, and various motions. He also continues to meet Court deadlines. Furthermore, the Complaint is still pending awaiting merit review by the Court, and so, additional legal research is not required at this time. Therefore, the requests for court recruited counsel will be denied. (Docs. 3, 27). As the case proceeds, the Court will remain open to the appointment of counsel in the future.

### MOTION TO SUPPLEMENT

Plaintiff has filed a Motion to Supplement the Record pursuant to Federal Rule of Civil Procedure 15. (Doc. 14). He asks the Court to add to the record an affidavit in which he asserts that Shawnee is exposing inmates to a harmful chemical, Bisphenol A, by selling a certain type of cooking pot. Although leave to amend a complaint is usually granted freely at the early pleading stage, the Court does not allow plaintiffs to add defendants and allegations in a piecemeal fashion. An amended complaint must include all claims against all defendants and supersedes and replaces the original complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Additionally, an amended complaint must stand on its own without reference to any other document, such as a "supplement." Accordingly, the Motion to Supplement (Doc. 14) is denied.

### DISPOSITION

For the reasons set forth above, Plaintiffs **Hiler, Smith, Garcia, Banks, Caro, Ortiz, Younger, Smith, Baskerville, Stringer, Daniels, Clay, Johnson, Johnson, Mitchell,** and

Page 4 of 5

**Morrone** are **DISMISSED** from this action without prejudice and shall not incur a filing fee.

The Motion to Strike (Doc. 27) is **GRANTED in part** and **DENIED in part**. The Clerk of Court is **DIRECTED** to **STRIKE** the Amended Complaint (Doc. 13) from the docket. The requests for the recruitment of counsel (Docs. 3, 27) are **DENIED without prejudice**. The Motion to Supplement (Doc. 14) is also **DENIED**.

The Complaint (Doc. 1) is currently awaiting preliminary review pursuant to 28 U.S.C. 1915A. Once this review is complete, Plaintiff Miller will be provided with a copy of the Court's screening order.

**IT IS SO ORDERED.**

**DATED:   October 9, 2020**

_s/ Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**