IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOKARI MILLER, #Y39531, <br><br> Plaintiff, <br><br> v. <br><br> LU WALKER, and K. SMOOT, <br><br> Defendants. | Case No. 20-cv-00448-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Jokari Miller, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

In the Complaint, Miller presents a laundry list of generalized grievances regarding various aspects of his confinement and treatment while at Shawnee. He claims (1) he is subjected to unclean and unsanitary living conditions and not provided cleaning supplies; (2) he is forced to

drink harmful water and denied meals on multiple occasions; (3) he does not receive proper care for a severe skin disease; (4) he is forced to choose between going to the law library and chapel or out-of-cell time; (5) he was physically assaulted by correctional officers in January 2020 and did not receive adequate medical care for his injuries; (6) he was placed in segregation in retaliation for filing a law suit, during which time he was denied access to the law library; (7) he is limited to only one phone call a week and only allowed commissary access every 30 days; (8) Shawnee officials have sabotaged his legal case by not taking him to court and blocking his legal mail; (9) he is not allowed a daily shower and is being prevented from attending yard; and (10) he is at risk to COVID-19 exposure because officials are not wearing masks.

As pled, these allegations are not sufficient to state a claim, and the Complaint does not survive preliminary review under 28 U.S.C. § 1915A. First, the Complaint lacks any allegations of personal involvement on the part of Defendants, and the Court is unable to discern what claims Miller has against either Defendant Walker or Smoot. Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). Miller has not set forth plausible allegations showing that each Defendant was somehow personally involved in the violation of his constitutional rights. To the extent Miller is attempting to assert liability based on Defendants' positions at the facility, it is not enough to plead that Defendants Walker and Smoot are liable because they held supervisory roles at Shawnee. *Respondeat superior* liability is not recognized under Section 1983.

Finally, Miller violates the rules of joinder by throwing all of his grievances occurring at Shawnee together in a single complaint. Many of Miller's claims involve unrelated events, facts, and legal theories, and they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18-21; FED. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). When a plaintiff presents the Court with a complaint that brings multiple claims against separate defendants arising out of the same transaction or occurrence in violation of Federal Rule of Civil Procedure 20, the Court may sever unrelated claims into separate lawsuits assessing a filing fee in each suit or dismiss the unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b),(g)). Given the lack of information offered in support of his claims, however, the Court is unable to make the determination of which claims are improperly joined in this lawsuit. Therefore, Miller will have the opportunity to decide which claims and defendants to include in an amended complaint.

For these reasons, the Complaint does not survive preliminary review and is dismissed without prejudice. The Court grants Miller leave to amend his Complaint. A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d

624, 627 (7th Cir. 1990). Thus, the amended complaint should identify who violated Miller's constitutional rights by name, if known, and should include a description of how his rights were violated. If Miller does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Miller intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

Miller is reminded that he may pursue related claims against single groups of individuals in his amended complaint. His current claims involve different claims that arise from separate transactions or occurrences, share no common questions of fact, focus on different legal theories, and appear to involve the different groups of individuals. Therefore, as discussed, they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Talbot,* 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). If the amended complaint again identifies various unrelated grievances against different individuals, those claims will be subject to severance into separate lawsuits, for which Miller will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g). To help Miller craft a proper amended complaint, the Clerk is directed to send Miller a blank civil rights complaint form. It is strongly recommended that Miller use this form for the amended complaint.

### PENDING MOTIONS

Miller has filed a Motion to Supplement (Doc. 34) and a Motion to Amend (Doc. 35) seeking to add exhibits and amend his request for relief and add factual details regarding his claims. The Court will not accept piecemeal amendments to the original complaint. Because an amended complaint supersedes and replaces the original complaint, *see Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004), any amended complaint must stand on its own, without reference to any previous pleading. Here, Miller's supplement and amendment could not

stand on their own as amended complaints. Thus, to the extent that Miller seeks to amend and supplement his Complaint, those motions are denied.

Miller's Motion for Status (Doc. 40) and request for a hearing are denied in light of this Order.

DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motion to Supplement (Doc. 34), the Motion to Amend (Doc. 35), and the Motion for Status (Doc. 40) are **DENIED.**

Miller is **GRANTED** leave to file a "First Amended Complaint" on or before **June 29, 2021**. Should Miller fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Miller's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Miller use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-00448-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Miller a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery*, 354 F.3d at 638 n. 1. The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Miller must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is

subject to review pursuant to 28 U.S.C. § 1915A.

Miller is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Miller is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 1, 2021**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**