IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOKARI MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-448-RJD |
| ) | |
| LU WALKER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Jokari Miller, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). Plaintiff alleges he was held in unconstitutional conditions of confinement, denied medical care, and retaliated against. Plaintiff's amended complaint was filed on August 19, 2021. The amended complaint was screened pursuant to 28 U.S.C. § 1915A and Plaintiff was allowed to proceed on the following claims:

> Count One:   Eighth Amendment claim against Warden Walker for housing Plaintiff in unconstitutional conditions of confinement in 4-House and 2-House.
>
> Count Four:   First Amendment claim against Warden Walker for retaliating against Plaintiff for filing a lawsuit by directing prison staff to place him in segregation and mishandle his legal mail.
>
> Count Five:   Fourteenth Amendment claim against Warden Walker for placing Plaintiff in segregation for over a year without due process of law.
>
> Count Six:   Eighth Amendment cruel and unusual punishment claim against Warden Walker for placing Plaintiff in segregation for over a year.

   Count Seven: Eighth Amendment cruel and unusual punishment claim against Warden Walker for directing the strip search and placement of Plaintiff in a clear box on display for staff and other inmates.

   Count Eight: Eighth Amendment cruel and unusual punishment claim against Warden Walker for subjecting Plaintiff to toxic drinking water.

   Count Nine: First Amendment claim against Warden Walker for denying Plaintiff the right to petition the government for redress of his grievances.

   Count Ten: State law claim against Warden Walker for the intentional infliction of emotional distress.

  Defendant Walker filed a Motion for Summary Judgment on the Issue of Exhaustion (Doc. 66) that is now before the Court. Defendant asserts summary judgment is warranted because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. In support of his motion, Defendant asserts Plaintiff filed three grievances regarding some claims in this lawsuit, but argues these grievances were never fully exhausted. The following grievances were included in grievance records from the Administrative Review Board ("ARB") and identified by Defendant as related to the claims in this lawsuit:

  1. Grievance dated April 13, 2020 (#2020-04-158) (Doc. 67-1 at 24-26): Plaintiff alleges he was placed in segregation "unjustly" on February 4, 2020. Plaintiff asserts he was placed in segregation while awaiting transfer to another facility and was forgotten. Plaintiff's counselor responded to this grievance on April 16, 2020. The grievance was received by the ARB on October 8, 2020 and was returned to Plaintiff on November 4, 2020. The ARB directed Plaintiff to provide a copy of the Grievance Officer's and Chief Administrative Officer's (CAO) responses. There is no further documentation concerning this grievance in the record.

  2. Grievance dated September 17, 2020 (#2020-09-13) (Doc. 67-1 at 34-36): In this grievance, Plaintiff complains he was forced to drink water contaminated with Bisphenol A ("BPA"), which made him sick. Plaintiff asserts he received a letter form the warden claiming the water is fine. The counselor responded to this grievance on September 29, 2020 and it was received by the ARB on October 8, 2020. The ARB directed Plaintiff to provide a copy of the Grievance Officer's and CAO's responses. There is no further documentation concerning this grievance in the record.

  3. Grievance dated July 29, 2012 (#2021-08-03) (Doc. 67-1 at 2-5): In this grievance,

Plaintiff alleges he was subjected to a humiliating and unnecessary strip search by Officer Williams on July 26, 2021. The Grievance Officer responded to this grievance on October 18, 2021, recommending the grievance be denied. The CAO concurred with the Grievance Officer on October 19, 2021.

The Court has reviewed Plaintiff's grievance records submitted by Defendant and finds an additional grievance, dated September 23, 2020, complained of issues relevant to the claims in this lawsuit. In his September 23, 2020 grievance (#2020-09-158) (Doc. 67-1 at 24, 27-28), Plaintiff lodges complaints similar to those set forth in his April 13, 2020 grievance claiming he has been falsely imprisoned in segregation since February 4, 2020. The counselor responded on September 29, 2020, and Plaintiff appealed the grievance to the ARB. The ARB received this grievance, along with the April 13, 2020 grievance, on October 8, 2020. The ARB directed Plaintiff to provide a copy of the Grievance Officer's and CAO's responses. There is no further documentation concerning this grievance in the record.

Along with his motion, Defendant filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion for summary judgment and advising him of the perils of failing to respond (*see* Doc. 68). Plaintiff's response to the motion was due by June 22, 2022. No response, or any other filing, has been received from Plaintiff as of the date of this Order. The motion and notice were sent to Plaintiff's last known address as set forth on the docket sheet and there is no indication it was not received or that it was returned as undeliverable.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also*

*Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his

or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

The Court deems all material facts as presented by Defendant undisputed because Plaintiff failed to file a response to the pending motion for summary judgment despite being provided

ample time and opportunity to do so.   In failing to file a response, Plaintiff disregarded a Notice explaining the implications of this decision (Doc. 68).  The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed.   Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Although there are four grievances in the record that relate to certain claims in this lawsuit, there is no evidence that Plaintiff exhausted his available administrative remedies concerning the same.  With regard to each of these grievances, Plaintiff received the counselor's response and appealed said response to the ARB.  This is not the procedure that must be followed.  Plaintiff was required to submit these grievances to both the Grievance Officer and CAO.  His failure to do so was not excused and the Court finds he therefore failed to exhaust his administrative remedies.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment on the Issue of Exhaustion (Doc. 66) filed by Defendant Walker is **GRANTED**.  This matter is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 17, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**